CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
March 31, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| INPATIENT CONSULTANTS OF NORTH CAROLINA, P.C., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 7:22-cv-00199 ) |
| DR. BRADLEY J. GOAD, et al., | ) By: Elizabeth K. Dillon ) Chief United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

Dr. Bradley J. Goad moves for a supplemental award of $16,351.00 to be paid by Inpatient Consultants of North Carolina, P.C. ("IPC"), for attorneys' fees incurred during litigation of its prior motion for attorneys' fees. (Dkt. No. 129.) IPC responds with a litany of arguments contending that Goad is not entitled to the requested amount. (Resp. in Opp'n, Dkt. No. 131.) The court finds merit in some of IPC's arguments, but it concludes that Goad is entitled to most of the fees sought. For the following reasons, Goad's motion will be granted in part and denied in part.

I. BACKGROUND

IPC brought this action against over two dozen individual and corporate-entity defendants, alleging that they schemed to harm IPC's business by converting, stealing, and misappropriating its business assets, contracts, workforce, and expectancies. (*See* Compl., Dkt. No. 1.) IPC alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, as well as twelve state-law business tort and contract claims. (*Id.*) The court dismissed the RICO claim with prejudice and declined to exercise jurisdiction over the remaining state law claims, dismissing them without prejudice. (*See* Mem. Op., Dkt. No. 109;

Order, Dkt. No. 110.) After the court's judgment in favor of the defendants, Goad filed a motion for attorneys' fees. (Dkt. No. 113.) After full consideration of the arguments contained in the parties' briefing, this court entered its Memorandum Opinion and Order granting in part and denying in part Goad's motion for attorneys' fees, finding him to be a prevailing party only on the RICO claim and awarding him $18,516.63 of a requested $81,309.50. (Mem. Op. on Fees 17, Dkt. No. 127; Order, Dkt. No. 128.) The court does not restate all the detail contained in that opinion but does highlight some of the findings that are still relevant and important to the court's ruling herein.

In its ruling, the court found that the RICO claim did implicate, at least in part, the subject matter of the Asset Purchase Agreement ("APA") between Goad and IPC, which contained an attorneys' fee provision. (Mem. Op. on Fees 6.) Goad was seeking reimbursement for attorneys' fees that both he and sixteen other defendants incurred, but the court found that the APA provision only applied to Goad—the other sixteen defendants were not entitled to attorneys' fees.[1] (*Id.* at 7.) Unable to parse with precision which of the $81,309.50 in fees were incurred by Goad and which were incurred by non-parties to the APA, the court reduced Goad's amount of requested fees by 50%. (*Id.*)

After that initial 50% reduction, the court analyzed the reasonableness of the remaining attorneys' fees sought by Goad.[2] It imposed a 10% reduction on the fees charged by one of

---

[1] The court also found another defendant, Dr. Jeffrey Garland, was entitled to attorneys' fees under the APA. (Mem. Op. on Fees 6.) This opinion need not address the circumstances of Garland's case and instead focuses on the relevant findings as they pertain to Goad.

[2] The court calculated the reasonableness of attorneys' fees under the Fourth Circuit's three-step process as articulated in *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). This involves: (1) determining the loadstar figure by multiplying the number of reasonable hours expended times a reasonable rate; (2) subtracting the fees for hours spent on unsuccessful claims unrelated to successful ones; and (3) awarding some percentage of the remaining amount, depending on the degree of success of the prevailing party. *Id.* Upon review, the court recognizes that the reasonableness of attorneys' fees should have been analyzed under Virginia state law rather than Fourth Circuit precedent because the APA, which gives rise to the entitlement to attorneys' fees, is subject to Virginia law. (APA 44, Dkt. No. 1-1.) Nonetheless, the court has re-evaluated Goad's initial motion for attorneys' fees (Dkt. No. 113)

Goad's attorneys, Joshua F.P. Long, for engaging in block billing that "impede[d] the court's ability to parse how much time was spent on each activity and ultimately determine whether Long's fees were reasonable." (*Id.* at 12.) In addition, the court deducted $704 for time entries found to be unrelated to the case at hand. (*Id.* at 14.) Lastly, the court imposed an additional 50% reduction due to the limited degree of success—Goad prevailed on only one of the thirteen claims, resulting in a success rate, by percent, of 7.7%. (*Id.* at 17.) Accounting for all of those reductions, the court found that Goad was entitled to attorneys' fees amounting to $18,516.63. (*Id.*)

In its Memorandum Opinion and Order, this court allowed Goad to file a supplemental motion for attorneys' fees incurred during litigation of the issue of attorneys' fees. (*Id.* at 18.) Thereafter, Goad timely filed a supplemental motion, requesting payment from IPC in the amount of $16,351.00 for fees incurred between March 22, 2023 (when the court ordered dismissal of all claims), and May 24, 2023 (when Goad's final reply brief on the issue of attorneys' fees was filed). (Def. Br. 1, Dkt. No. 130.)

## II. DISCUSSION

Goad seeks attorneys' fees incurred during litigation of the issue of attorneys' fees under Fed. R. Civ. P. 54(d)(2), Local Rule 54, and this court's Memorandum Opinion and Order. (Def. Br. 1.) The APA provides that the "Agreement shall in all respects be interpreted, construed, and governed exclusively by and in accordance with the Laws of the Commonwealth of Virginia."

---

under the proper Virginia state law factors for assessing the reasonableness of attorneys' fees, *see* Section II *infra* (setting forth the factors), and concludes that the award of $18,516.63 is still reasonable under the circumstances. The court notes, in particular, the considerable overlap between the factors used in assessing reasonableness under the Fourth Circuit and those used under Virginia law. *Compare McAfee,* 738 F.3d at 88 (listing twelve factors for courts to use in determining reasonableness of attorney's fees), *with Lambert v. Sea Oats Condo. Ass'n*, 798 S.E.2d 177, 183 (Va. 2017) (listing seven factors for courts to use in determining reasonableness of attorney's fees).

(APA 44, Dkt. No. 1-1.) Under Virginia law, the courts are to evaluate the reasonableness of attorneys' fees by applying the following seven factors:

> [(1)] the time and effort expended by the attorney, [(2)] the nature of the services rendered, [(3)] the complexity of the services, [(4)] the value of the services to the client, [(5)] the results obtained, [(6)] whether the fees incurred were consistent with those generally charged for similar services, and [(7)] whether the services were necessary and appropriate.

*Lambert v. Sea Oats Condo. Ass'n, Inc.*, 798 S.E.2d 177, 183 (Va. 2017) (quoting *Manchester Oaks Homeowners Ass'n, Inc. v. Batt*, 732 S.E.2d 690, 703 (Va. 2012)). Courts are not bound to "become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The "essential goal" of shifting fees is "not to achieve auditing perfection," but to ensure that "rough justice" is done. *Id.* The court retains broad discretion to take in its "overall sense of [the litigation]," and the weight given to each of the seven factors may vary depending on the circumstances of the case. *Id.*; *W. Square, L.L.C. v. Commc'n Techs., Inc.*, 649 S.E.2d 698, 703 (Va. 2007).

In his supplemental motion for attorneys' fees, Goad requests $16,351.00:

| Representative | Hourly Rate[3] | Hours Billed | Total |
| --- | --- | --- | --- |
| Joshua F.P. Long (Principal and Member) | $395.00 | 26.30 | $10,388.50 |
| Pietro Sanitate (Associate) | $265.00 | 22.50 | $5,962.50 |

(Def. Br. 1; Goad Invoices, Dkt. No. 130-3.) In its response, IPC raises a litany of arguments contending that Goad is not entitled to the requested amount of attorneys' fees.[4] (*See generally* Resp. in Opp'n.)

---

[3] IPC does not object to the reasonableness of the hourly rate reported by Goad's attorneys, and indeed this court found similar amounts reasonable when ruling on the previous motion for attorney's fees. (Mem. Op. on Fees 10–11.)

[4] Some of these arguments the court already addressed, including IPC's contention that there is no precedent or persuasive authority for the attorneys' fees sought in relation to the RICO claim. (Resp. in Opp'n 1–2.) The court addressed this argument in its previous attorneys' fees ruling (Mem. Op. on Fees 6), and it is briefly touched on above in Section I *supra*—the court need not address it further. Similarly, the court already has rejected IPC's argument that Goad's business was not a party to the APA, and as such, he should not be entitled to attorneys' fees. (Resp. in Opp'n 3; Mem. Op. on Fees 9.) In addition, IPC raises a number of arguments that the court finds

4

In the following subsections, the court analyzes the reasonableness of Goad's attorneys' fees under the relevant factors mentioned in *Lambert*. 798 S.E.2d at 183. As noted in *W. Square, L.L.C.*, a factfinder need not "consider all [seven] factors in every situation." 649 S.E.2d at 703. When determining the reasonableness of attorneys' fees, "particular factors may have added or lessened significance depending on the circumstances of each case." *Id.* A discussion of the significant factors in the court's decision are discussed below.

A. **Time and Effort Expended by the Attorney**

The two attorneys for Mr. Goad, Long and Sanitate, have provided detailed invoices, regarding the time and effort expended, to account for the requested fees. (*See* Goad Invoices.) However, there are two inconsistencies that IPC has brought to the court's attention that deserve consideration: (1) block billing, and (2) excessively billed correspondence time.

First, as to the issue of block billing, IPC contends that Goad continues to engage in this disfavored time-entry practice.[5] (Resp. in Opp'n 7–8.) Goad, on the other hand, argues that the blocked billing proves the legitimacy of his claim by showing consistency with previous billing practices, considering that the billing invoices were completed prior to this court's announcement of its disapproval that resulted in a 10% reduction of attorneys' fees awarded in this court's prior ruling. (Def. Reply Br. 9, Dkt. No. 132.) In his reply brief, Goad does not object to reducing Long's invoiced fees by 10% to account for block billing, as the court did in its earlier attorney

---

insufficiently supported and/or not significant to the court's decision. These include allegations that 48.8 hours of time expended were excessive (Resp. in Opp'n 3), inappropriate time entries relating to consultations with other attorneys and experts (*id.* at 5), inappropriate time entries relating to settlement proposals (*id.* at 5–6), and excessively billed rates for reading or reviewing documents. (*Id.* at 8.)

[5] Block billing is generally defined as the practice of combining "several tasks together under a single entry, without specifying the amount of time spent on each particular task." *Lusk v. Va. Panel Corp.*, 96 F. Supp. 3d 573, 582 (W.D. Va. 2015) (internal quotations omitted). "The practice is disfavored because it does not provide the court with a sufficient breakdown to support an attorneys' fee request." *Hurd v. Cardinal Logistics Mgmt. Corp.*, No. 7:17-cv-00319, 2019 WL 6718111, at *4 (W.D. Va. Dec. 10, 2019) (internal quotations omitted).

fee award. (*Id.*) Accordingly, the court will reduce Long's fees by 10% for a new sub-total for his fees of $9,349.65.

Second, as to the issue of excessively billed correspondence time, IPC points out the difference in time for correspondence that occurred between its attorney and Goad's attorney on May 1–2, 2023. (Resp. in Opp'n 8–10.) IPC incorporates the short emails with timestamps into its brief, showing that on May 1, Long received an email from plaintiff's counsel at 8:59 a.m. and responded to that email at 9:06 a.m. on the same date. (*Id.* at 8–9.) Long had an interval of seven minutes for composing his reply, at the very most. Long states that the reason for the longer billing entry of 13–18 minutes was because he initially drafted a longer response, then deleted it, opting for a shorter email. (Def. Reply Br. 10.) However, the court finds Long's explanation inadequate and will allow only 0.10 for both the May 1, 2023 correspondence and the similar May 2, 2023 correspondence, for which Mr. Long again billed 0.30 hours for another email of a single sentence. This amounts to a total decrease of 0.40 hours for both emails totaling a deduction of $158.00. Mr. Long's new sub-total is $9,191.65.

## B. The Value of the Services to the Client and the Results Obtained

Out of the seven factors articulated in *Lambert*, the only factor that Goad failed to address in his supplemental motion for attorneys' fees is the results obtained. (*See generally* Def. Br.) However, as the Supreme Court noted in *Hensley v. Eckerhart*, "the most critical factor" in calculating a reasonable fee award "is the degree of success obtained." 461 U.S. 424, 436 (1983). Courts should not "merely apply[] a ratio between the damages actually awarded and damages originally sought . . . [to] satisfy the reasonableness inquiry." *Lambert*, 798 S.E.2d at 184. If the attorneys' time is reasonably spent, depending on the nature of the case, they should be able to expect compensation for that time. *Id.* at 185.

Goad recovered only $18,516.63 of the total requested attorney's fees of $81,309.50, which IPC notes is less than a 25% success rate. (Resp. in Opp'n 4.) As such, IPC contends that Goad should not be able to recover any fees at all at this stage. (*Id.*) However, the court finds it more reasonable to evaluate Goad's success after the initial 50% deduction was assessed against him to account for fees paid on behalf of the sixteen other defendants who were not parties to the APA, as mentioned in Section I *supra*. The court notes that most of the work performed by Goad's attorneys in litigating the issue of attorneys' fees did not pertain to the sixteen other defendants. Therefore, the court will evaluate Goad's success at the reduced amount of $40,564.75. By that metric, the recovered amount of $18,516.63 represents a success rate of roughly 45%. A reduction to only 45% of the fees sought now, however, would not be appropriate given the amount of time and effort Goad's attorneys reasonably expended in this matter. *See Couch v. Manassas Autocars, Inc.*, 77 Va. Cir. 30, 2008 WL 8201041 at *6 (Va. Cir. Ct. July 17, 2008) (reducing fee award by 25% where defendant was successful on 33% of counts at trial and 100% of appeal challenges). However, the court notes that Goad is seeking $16,351.00, which is nearly 90% of the total attorneys' fees awarded to Goad for litigating the actual case, which is disproportionate, and finds that some reduction is warranted given the limited success rate on the first fee petition. For these reasons, the court finds a further deduction of 30% or $4,546.25 (revised Long fees ($9,191.65) plus Sanitate fees ($5,962.50) multiplied by .30) is reasonable under the circumstances.

### III.  CONCLUSION

For the foregoing reasons, Goad's supplemental motion for attorneys' fees will be granted in part and denied in part. Specifically, the court will reduce Mr. Long's requested fees by 10%, deduct an additional $158, and reduce the remaining attorneys' fees by 30% due to Goad's

limited degree of success on his first petition for fees. The court will award Goad $10,607.91 (revised total of $15,154.15 minus 30% deduction ($4,546.25)) in attorneys' fees.

An appropriate order will follow.

Entered: March 31, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge